O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNI HOSIERY CO., INC., a California corporation,<br><br>  Plaintiff,<br><br>v.<br><br>UNION AMERICA INTERNATIONAL, INC., a California corporation dba POWER USA HOSIERY; KEN OH, an individual; and JAE CHUL MYUNG, an individual,<br><br>  Defendants. | Case No.:  SACV07-0308 CAS (FFMx)<br><br>*Assigned to the Honorable Christina A. Snyder*<br><br>**FINAL JUDGMENT AND INJUNCTION BY CONSENT** |

### **INTRODUCTION**

1. This Consent Decree is entered into by and between plaintiff Uni Hosiery Co., Inc., ("**UNIHOSIERY**"), on the one hand, and defendants UNION AMERICA INTERNATIONAL, INC. dba POWER USA HOSIERY ("**UAI**"), KEN OH ("**OH**") and JAE CHUL MYUNG ("**MYUNG**") (collectively "**Defendants**") on the other hand, through their respective undersigned counsel of record.

2. UNIHOSIERY is a corporation organized and existing under the laws of California with its principal place of business located at 3829 S. Broadway Street, Los Angeles, California 90037.

3. UAI is a corporation organized and existing under the laws of California with its principal place of business located at 4 Ramada, Irvine, California 92620 and conducting business under the name UAI HOSIERY located at 3912 S. Broadway Place, Los Angeles, California 90037.

4. OH is an individual residing in the State of California.

5. MYUNG is an individual residing in the State of California.

6. On or about March 15, 2007, UNIHOSIERY commenced a civil action against UAI, entitled *Uni Hosiery Co., Inc. v. Union America, Inc., et al.*, in the United States District Court for the Central District of California, Case No. SACV07-0308 CAS (FFMx), complaining of copyright infringement and counterfeiting, and federal and common law unfair competition (the "**Litigation**" or "**Action**").

7. On or about February 13, 2008, the parties entered into a stipulation to amend the Complaint to include OH and MYUNG as defendants to this Action.

8. The parties now wish to effect a complete resolution and settlement of all claims, disputes and controversies relating to the allegations made by UNIHOSIERY against Defendants in the Action and to resolve their differences and disputes by settling this Action for a confidential monetary amount agreed to by the parties (the "**Settlement Amount**") and other terms and conditions as set forth in a separate agreement.

## FINDINGS

1. UNIHOSIERY is the owner of United States Copyright Registration No. VA 1-369-649 entitled *ROSE* (referred hereinafter as the "**Rose Registration**") identified and attached herewith as **Exhibit 1**;

2. UNIHOSIERY is the owner of United States Copyright Registration No. VA 1-393-082 entitled *UNI HOSIERY CO., INC. BEST SELLER* (referred hereinafter as the "**Best Seller Registration**") identified and attached herewith as **Exhibit 2**;

3. Defendants have imported, distributed, offered for sale and sold counterfeit and infringing merchandise bearing unauthorized copies and imitations of the art work covered by the Rose Registration and Best Seller Registration ("**Counterfeit Goods**").

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction of the subject matter and of all the parties;

2. The Rose Registration and the art work and copyright thereon are valid and subsisting and are owned by UNIHOSIERY;

3. The Best Seller Registration and the art work and copyright thereon are valid and subsisting and are owned by UNIHOSIERY;

4. Defendants' unauthorized use of the art work covered by the Rose Registration and the Best Seller Registration, infringed UNIHOSIERY's copyright rights in the art work covered by the Rose Registration and the Best Seller Registration in violation of 17 U.S.C. § 101 *et seq.*;

5. Upon entry of this Final Judgment and Injunction by Consent, Defendants and their officers, agents, servants, employees, affiliates, attorneys and all those persons in active concert or participation with them or under authority of Defendants shall be hereby enjoined from:

    A. Imitating, copying or making unauthorized use of the art work covered by the Rose Registration and/or Best Seller Registration and any other designs or art work owned now or in the future by UNIHOSIERY;

    B. Manufacturing, producing, distributing, or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the art work covered by the Rose Registration and/or the Best Seller Registration and any other designs or art work owned now or in the future by UNIHOSIERY;

1
2
3
4
5
6
7
      C.      Using a simulation, reproduction, counterfeit, copy or colorable imitation of the art work covered by the Rose Registration and/or the Best Seller Registration and any other designs or art work owned now or in the future by UNIHOSIERY in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any products;

8
9
10
11
12
13
14
15
16
17
18
19
20
      D.      Using or displaying the art work covered by the Rose Registration and/or Best Seller Registration and any other designs or art work owned now or in the future by UNIHOSIERY and/or substantially similar designs.  This includes, but is not limited to, immediately ceasing from any and all further use of the art work covered by the Rose Registration and/or Best Seller Registration and any other designs or art work owned by UNIHOSIERY on goods, web sites, promotional materials, and advertisements and ensuring that any and all of Defendants' employees or representatives that are using the art work covered by the Rose Registration and/or Best Seller Registration and any other designs or art work owned by UNIHOSIERY on Defendants' behalf or under some agreement with Defendants immediately cease such use;

21
22
23
24
25
26
      E.      Doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of UNIHOSIERY's products, or likely to deceive members of the public or the trade, or prospective purchasers, into believing that there is some association between UNIHOSIERY's products and Defendants' products;

27
28
      F.      Further infringing UNIHOSIERY's exclusive rights in the art work covered by the Rose Registration and/or the Best Seller

           Registration and any other designs or art work owned now or in the future by UNIHOSIERY or otherwise competing unfairly with UNIHOSIERY; and

    G.    Committing or contributing to any acts calculated to cause purchasers to believe that any products not UNIHOSIERY's are those sold under the control and supervision of UNIHOSIERY, or are sponsored or approved or connected with, guaranteed or produced under the control and supervision of UNIHOSIERY, or otherwise infringing, inducing others to infringe, or contributing to the infringement of any of the UNIHOSIERY trademarks and/or UNIHOSIERY trade names.

6.    Defendants shall immediately recall any and all merchandise previously provided to any entity or person bearing the art work covered by the Rose Registration and/or Best Seller Registration and any other designs or art work owned by UNIHOSIERY still remaining in the possession of any such entity or person;

7.    Defendants shall deliver to UNIHOSIERY for destruction all products, decals, stickers, signs, prints, packages, receptacles, wrappers, boxes, and advertisements in their possession and/or received as a result of Defendants' recall, bearing any unauthorized copy of any of the art work covered by the Rose Registration and the Best Seller Registration and any other designs or art work owned by UNIHOSIERY and all plates, molds, matrices, programs and other means of making same;

8.    Defendants will deliver to UNIHOSIERY a letter acknowledging and apologizing for its complained of conduct and unauthorized copying of the art work covered by the Rose Registration and/or Best Seller Registration and any other designs or art work owned by UNIHOSIERY;

9.    Defendants shall initiate and cause the publication of corrective advertisements as approved by UNIHOSIERY;

5

1          10.     Defendants acknowledge and agree that the agreed-upon monetary settlement amount does not precisely reflect the amount of actual monetary damages suffered by UNIHOSIERY in connection with Defendants' unauthorized conduct. Indeed, due to Defendants' incomplete production of information and documents relating to their import, distribution, offer for sale and sale of the Counterfeit Goods UNIHOSIERY has been prevented from determining the full extent of Defendants' revenue for the infringing goods and full extent of damages and losses to UNIHOSIERY.  UNIHOSIERY has evidence to reflect that Defendants made substantial sales of the infringing goods that Defendants have admitted to in this Action.   As such, the agreed-upon monetary settlement amount only represents the parties agreement to informally resolve all of the purported controversies, claims, causes of action and disputes, both real and potential, between UNIHOSIERY and the Defendants set forth in UNIHOSIERY's Complaint to avoid further litigation and consumption of resources attendant thereto.  Any of the Defendants' failure to fully comply with one or more terms or conditions provided for in this Final Judgment and Injunction by Consent will result in immediate and irreparable harm to UNIHOSIERY.  Defendants agree and admit that there is no adequate remedy at law for such failure, and Defendants agree that in the event of such failure, Defendants shall be jointly and severally liable to UNIHOSIERY in the amount of $500,000 as liquidated damages (which is a reasonable estimate of UNIHOSIERY's damages) and such other and further relief as is deemed proper by this Court;

           11.     The Settlement Amount shall remain confidential between the parties and all of their respective parents, subsidiaries and each of their respective owners, officers, directors, partners, agents, representatives, attorneys, predecessors, successors, heirs and assigns;

           12.     This Court shall retain jurisdiction to construe, enforce, and implement this Final Judgment and Injunction by Consent; and

13. All matters having been resolved between the parties, all of UNIHOSIERY's claims against Defendants are dismissed without prejudice.

Dated: _February 15, 2008_____  _____
*Christina A. Snyder*
The Honorable Christina A. Snyder
United States District Judge